IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
7:18-CV-42-D

| | |
|---|---|
| JAMES WALLACE BADER, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> PETER S. OEHL, in his individual capacity, ) <br> ) <br> Defendant. ) | **PROTECTIVE ORDER <br> ON CONFIDENTIAL INFORMATION <br> FROM DSS** |

This case comes before the court on the parties' consent motion (D.E. 17) pursuant to Fed. R. Civ. P. 26(c) for entry of an order to allow employees of New Hanover County Department of Social Services ("DSS") to disclose certain confidential information. Specifically, DSS records and information (hereinafter, "Confidential Information") have been produced by the parties in this case and the parties intend to question current and former DSS employees about the information. Pursuant to North Carolina state law, Confidential Information may be disclosed by DSS and its employees only under court order. *See* N.C. Gen. Stat. §§ 7B-302(a1) & 7B-2901(a); 10A N.C. Admin. Code 69.0505. There being consent from the parties and DSS to the entry of a protective order on Confidential Information, the court hereby ALLOWS the motion, and APPROVES and ADOPTS the terms of the parties' proposed Consent Protective Order, subject to the modifications reflected herein:

1. Upon proper request pursuant to the Federal Rules of Civil Procedure, the parties may obtain Confidential Information from DSS. A party may designate any discovery material as "Confidential Information" pursuant to this Consent Protective Order only if such party believes in good faith that such discovery material qualifies for protection under North Carolina state law

and Federal Rule of Civil Procedure 26(c).  Witnesses currently or formerly employed by DSS, including Stephanie Matthews, Mandy Hancock, Nancy Weiss, and Dean Hollandsworth, may testify about Confidential Information at a deposition and trial consistent with this Consent Protective Order.

2. Confidential Information obtained from DSS in this action, including any portions of a deposition transcript containing Confidential Information, shall be clearly and prominently marked on its face with the designation "CONFIDENTIAL."  Confidential Information does not include any DSS records that were produced without a designation of confidentiality in *In the Matter of A.R.B. and M.R.B.*, 14 JA 10, 14 JA 70 (New Hanover County) or *State v. James Wallace Bader*, 15 CR 52159-62 (New Hanover County).

3. In the absence of written permission from the parties or an order by the court, any Confidential Information obtained in accordance with the provisions of paragraph 1 above shall not be disclosed to any person other than: (i) the court and the employees thereof; (ii) court reporters and stenographers engaged for the taking of testimony; (iii) counsel to this action, including insurance carrier representatives and necessary secretarial, paralegal and clerical personnel assisting such counsel; (iv) experts and their staff who are employed for the purposes of this litigation; (v) witnesses who are testifying about this Confidential Information; (vi) counsel for and employees of DSS; and (vii) parties or witnesses as necessary to prepare for testimony in this action, whether at trial or at other proceedings in this action.  Any Confidential Information shall be used solely for the purpose of this civil action, which may include preparation for trial.

4. Confidential Information obtained in accordance with the provisions of paragraph 1 above shall not be made available to any person designated in paragraph 3 (iv) - (vii) unless he or she agrees to be bound by the terms thereof, agrees not to reveal such Confidential Information

to anyone other than another person designated in paragraph 3, and agrees to utilize such Confidential Information solely for purposes of this litigation.

5. The provisions of Local Civil Rule 79.2, E.D.N.C., along with Section V.G of the ECF Administrative Policies and Procedures Manual cited therein, shall control the filing of sealed documents.

6. This Order is entered without prejudice to any party seeking further orders from the court regarding the additional disclosure of, or restriction of, Confidential Information.

SO ORDERED, this 19th day of December 2018.

_____
James E. Gates
United States Magistrate Judge